**RPC 1.5 Comment:**

***

**Successor Counsel in Contingency Fee Matters**

[5]    **Unlike the situation in [4], which addresses division of fee between lawyers from different firms who are simultaneously representing a client, there may arise a situation where a client enters a contingent fee agreement with one lawyer ("predecessor counsel"), terminates that lawyer's services without cause, and enters a new contingent fee agreement with a different lawyer ("successor counsel").  In such a situation, and pursuant to a lawyer's duties as set forth in paragraphs (b) and (c), successor counsel must notify the client, in writing, that some portion of the fee may be due to or claimed by predecessor counsel for services performed prior to the termination, and should discuss with the client the effect of that claim on successor counsel's proposed fee agreement.  If successor counsel will be involved in negotiating fees with predecessor counsel on the client's behalf, successor counsel should evaluate whether the circumstances give rise to a conflict of interest with the client and, if so, must obtain appropriate informed consent to the conflict as set forth in Rule 1.7. If a dispute arises regarding distribution of the recovery, successor counsel must hold the disputed portion of the funds in trust pending resolution, in accordance with Rule 1.15(f). *See* ABA Formal Opinion 487 (June 18, 2019) (relating to successive contingent fee agreements). While part II.A of Formal Opinion 487 would require the client's written informed consent, Rule 1.7 does not require a writing. However, if informed consent is deemed necessary under the circumstances, written consent may benefit both the client and successor counsel for the reasons set forth in Explanatory Comment [20] to Rule 1.7.**

**Disputes over Fees**

[[5]] [6]    If a procedure has been established for resolution of fee disputes, such as an arbitration or mediation procedure established by the bar, the lawyer should conscientiously consider submitting to it. Law may prescribe a procedure for determining a lawyer's fee, for example, in representation of an executor or administrator, a class or a person entitled to a reasonable fee as part of the measure of damages. The lawyer entitled to such a fee and a lawyer representing another party concerned with the fee should comply with the prescribed procedure.

**[[6]] [7]** It is Disciplinary Board policy that allegations of excessive fees charged are initially referred to Fee Dispute Committees for resolution.